IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER COUNTY

―――――――――――x
RUTH M. POLLACK,
IN PRO PER PERSONA,

      Plaintiff,

v.

MODERNIZE, INC.
                           Case No. 19-cv-
      Defendant.
―――――――――――x

**VERIFIED COMPLAINT**

Ruth M. Pollack, Plaintiff In pro per persona
1288 West Main Street
Riverhead, NY 11901
Tel. 631-949-0676

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER COUNTY

FILED
IN CLERKS OFFICE

2019 MAY 13 AM 11:09

U.S. DISTRICT COURT
DISTRICT OF MASS.

RUTH M. POLLACK,
IN PRO PER PERSONA,

      Plaintiff,

v.

MODERNIZE, INC.

      Defendant.

Case No. 19-cv-

## VERIFIED COMPLAINT

**Preliminary Statement**

1. Plaintiff Ruth M. Pollack ("Ms. Pollack") ("Plaintiff") *in pro per persona* and without prejudice, brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. §227, a federal statute enacted in 1991 in response to widespread public outrage about the national proliferation of intrusive, nuisance telemarketing practices. *See, e.g. Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Modernize, Inc. ("Modernize") violated the TPCA by initiating telemarketing calls to a **cellular telephone number** Ms. Pollack had duly registered on the National Do Not Call Registry for the purposes of advertising their goods and services, using an automated dialing system. Ms. Pollack had also registered her personal **email** on said list at the same time and that email was contacted by Modernize as well using an automated email system.

1

3. Plaintiff never consented to receive said calls and/or emails, all placed to her for telemarketing purposes. Telemarketing campaigns generally place calls and/or emails to hundreds, thousands and even millions of potential customers en masse; Plaintiff respectfully commences this action on her own behalf, and is opting out of a related class action in this venue to wit: *Hopkins v. Modernize, Inc.* Case No. 4:17-cv-40087-TSH.

4. Plaintiff has reviewed that action and believes that this is her best remedy under her circumstances.

## Parties

5. Plaintiff Ruth M. Pollack is a resident of the state of New York.

6. Defendant Modernize, Inc. is a Delaware Corporation that has its principal place of business at 804 Congress Avenue, Suite 400, Austin, Texas 78701, and a registered agent of CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Modernize makes telemarketing calls and/or emails into this District and that of Ms. Pollack. Ms. Pollack is already a class action plaintiff in this district and will opt out of that action.

## Jurisdiction and Venue

7. This honorable Court has federal question subject matter jurisdiction over these TPA claims. *See, Mims, supra* at 740.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because defendant is a resident of this district. Venue is also proper pursuant to 28 U.S.C. §1391(b)(2) because, upon information and belief, a substantial number of the events or omissions giving rise to the claim occurred in this

District as the telemarketing calls that gave rise to plaintiff Ms. Pollack's claims occurred here. Plaintiff Ms. Pollack acknowledges and appreciates the complaint filed by class action plaintiff.

## The Telephone Consumer Protection Act

9. In 1991 Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 191, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### a. **The TCPA Prohibits Telemarketing Calls**

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automated telephonic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular service." See 47 U.S.C. § 227 (b)(1)(A)(iii).

The TCPA provides for a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with the authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress determined, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

3

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13. In 2013, the FCC required prior express consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It precisely ordered the following:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. [] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement executed as a condition of purchasing any good or service. []"

In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

### b. The TCPA Restricts Calls to the Do Not Call Registry

14. The National Do Not Call Registry allows consumers allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. §64.1200(c)(2). See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry must be honored indefinitely. or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*

15. The TCPA and implementing regulations prohibit the initiating of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

16. A person whose number is on the Registry, and who has received more than one telephone call within any twelve month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages and injunctive relief. 47 U.S.C. § 227(c)(5).

17. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200 (c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

## Factual Allegations

18. Modernize is a company that refers individuals for home improvement projects.

19. Modernize relies on telemarketing to generate new clients.

20. That telemarketing involves "cold calling" which are phone calls placed to individuals that Modernize does not have a prior relationship with.

21. One of Modernize's strategies for telemarketing involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

22. Modernize employs ATDS equipment that has the capacity to store or produce telephone numbers to be called and which includes autodialers and predictive dialers.

23. Modernize engages in the use of this equipment because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone.

24. Through this method, Modernize shifts the burden of wasted time to the consumers it calls with unsolicited messages.

### c. **Calls to Ms. Pollack**

25. Plaintiff is, and at all times mentioned here, a "person" as defined by 47 U.S.C. §153(39).

26. Ms.Pollack placed her cellular telephone number (631)949-XXXX and her email BlueJusticeXXX@gmail.com on the National Do Not Call Registry in 2005.

27. Despite taking the affirmative step of registering her telephone number and email on the National Do Not Call Registry, Modernize placed automated telemarketing calls and emails to her repeatedly on or about February and March 2018.

28. When the calls were answered, there was a lengthy pause and click followed by silence before a Modernize telemarketing representative came on the line, which indicated to plaintiff that the call was being made using an ATDS.

29. Plaintiff was harmed by these calls. She was temporarily deprived of the legitimate use of her private phone(s) because the phone line was tied up, she was interrupted, she was charged for the calls and her privacy was improperly invaded.

30. Moreover, these calls injured plaintiff as they were frustrating, obnoxious, annoying, were a nuisance and disturbed her solitude and personal/ business transactions.

31. The questions of law and fact common to plaintiff include but are not limited to the following:

a. Whether defendant violated the TCPA by using automated telemarketing to call cellular telephones;

b. Whether defendant placed calls using a pre-recorded message;

c. Whether defendant placed calls without obtaining plaintiff/recipient's prior consent for the call;

d. Whether defendant also sent emails to plaintiff in violation of TCPA also as indicated in a-c above;

e. Whether plaintiff is entitled to statutory damages due to defendant's actions.

32. Plaintiff's claims arise out of the same common course of conduct by Modernize as in other class actions and are based upon the same legal and remedial theories in essence.

33. Plaintiff believes that her case rises to the same, if not higher and more serious course of conduct by Modernize because of the added factor of emails.

34. The areas of law and fact herein pled can be ascertained by records maintained by Modernize and/ or its agents.

35. Plaintiff hopes to obtain a fair adjustment of her claim and to deter more of defendants' unlawful activities.

36. Plaintiff is not aware of litigation concerning this controversy similar to hers.

## Legal Claims

### Count One:
### Violation of the TPCA's Automated Calling Provisions

37. Plaintiff Pollack incorporates the allegations herein above as if fully repeated here.

38. The foregoing acts and omissions of Modernize and/or its affiliates, agents, and/or other persons or entities acting on its behalf constitute numerous violations of the TCPA, 47 U.S.C. §227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of plaintiff using an ATDS and/or an artificial or prerecorded voice.

39. As a result of Modernize's use and/or its affiliates, agents and/or other persons, employees or entities acting on its behalf, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A), plaintiff is entitled to an award of $500.00 for each and every call and/or email made to her cell phone numbers and email using an ATDS and/or an artificial or pre-recorded voice in violation of the statute, to wit: 47 U.S.C. § 227(b)(3)(B) *et seq*.

40. Plaintiff also is entitled to and seeks injunctive relief prohibiting Modernize and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls and/or emails using an ATDS and/or artificial or pre-recorded voice or method in the future.

41. Defendant's violations were negligent, and/or intentional, allowing a potential trebling of damages of each

award to at least "$1500.00 in damages.

## Count Two:
## Violation of the TCPA's Do Not Call Registry Provisions

42. Plaintiff Pollack incorporates the allegations from all prior paragraphs as though fully set for herein.

43. Defendant violated the TCPA by initiating multiple telephone solicitations and emails to persons, including plaintiff, whose phone numbers and emails were listed on the Do Not Call

8

Registry. See, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). et seq.

44. In addition, defendant failed to establish and implement with due care, reasonable practices and procedures to effectively prevent telephone and/or email solicitations in violation of the TCPA.

45. Defendant's violations were willful and/or knowing/intentional.

### Count Three:
### Violations of M.G.L 93A

46. Plaintiff Pollack incorporates the allegations above here as though fully set forth.

47. At all relevant times defendant was engaged in commerce for purposes of M.G.L. c.93A.

48. M.G.L., c. 93A, § 92 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." This statute permits any consumer injured by a violation of c.93A, § 2 to bring a civil action for damages and injunctive relief.

49. As alleged more fully herein, defendant violated c. 93A, § 2 b sending automated calls and/ or emails to plaintiff. This conduct is unfair as it is harassing and annoying, disruptive, and invades the privacy of plaintiff and causes her to incur costs for the calls.

50. Defendant's conduct also violates the TCPA and as such, constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

51. Plaintiff respectfully seeks an order pursuant to M.G.L., c. 93A as follows:

a) Enjoining defendant from continuing to engage in, use, and/or employ any of the unfair and/or deceptive business acts or practices set forth in detail above; and

9

b) Disgorging and restoring all monies that may have been obtained by defendant as a result of such unfair and/or deceptive acts or practices.

52. Plaintiff relies on the written demand for relief made by plaintiff Amanda Hopkins for her in her class action, pursuant to M.G.L. Chapter 93A, §9(3) and understands that defendant has failed to make a timely and adequate response, thereby entitling plaintiff to judgment on this Count and for all damages authorized by statute.

53. Based on the above, plaintiff is entitled to all remedies available under c. 93A, § 9, including but not limited to actual or statutory damages, whichever is greater, multiple damages and costs.

## RELIEF SOUGHT

Plaintiff seeks the following relief:

A. A declaration that Modernize and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA;

B. An order enjoining defendant from continuing to engage in, use, and/or employ any of the unfair and/or deceptive business acts or practices set forth in detail above;

C. An award to plaintiff of damages as permitted by law;

D. Leave to amend this complaint to conform to the evidence adduced at trial; and

E. Orders granting such other and further relief as to this Court seems just, necessary, and proper.

**Plaintiff demands a jury trial as to all claims of this complaint that are so triable.**

Dated: May 10, 2019

Respectfully,

10

_____
Ruth M. Pollack, plaintiff *in pro per*
1288 West Main Street
Riverhead, NY 11901
Tel. 631-949-0676
BlueJustice007@gmail.com

Sworn to before me this 10
day of May, 2019.

_____
Notary Public

CHERYL ANN HENDRIKS
Notary Public - State of New York
NO. 01HE6122800
Qualified in Suffolk County
My Commission Expires Feb 22, 2021

11